UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 4:18-CR-11 |
| SHANICQUA LATRICE COLEMAN | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, pursuant to the factors set forth in 18 U.S.C. § 3553(a) and for the reasons stated below, moves this Court to impose the following sentence: a term of supervised release of one year, no fine, and a $100 mandatory special assessment. This recommendation is identical to the recommendation proposed by the defendant in her Sentencing Memorandum. (ECF No. 1185).

**I.  PROCEDURAL HISTORY**

On April 19, 2019, the defendant, Shanicqua Latrice Coleman ("Coleman") pled guilty to Count 25 of the First Superseding Indictment, pursuant to a Rule 11(c)(1)(C) Plea Agreement. ECF No. 434. Count 25 alleged a violation of 18 U.S.C. §1623, Making a False Declaration to a Grand Jury. ECF No. 207.  The Rule 11(c)(1)(C) Plea Agreement called for a sentence between 0-36 months. ECF No. 435. The Court accepted the guilty plea, ordered the preparation of a Presentence Report, and permitted the defendant to remain on bond.

Sentencing is scheduled for January 30, 2020.  ECF No. 1168.

**II.  SENTENCING GUIDELINES**

The parties have not received a Presentence Report. The United States believes that given the circumstances of this case and the proposed disposition, which is agreed upon by the parties,

1

the preparation of such a report is unnecessary. The United States believes that the applicable advisory Sentencing Guideline (USSG) range in this case is 70-87 months. For perjury (18 U.S.C. §1623) the applicable USSG Section is 2J1.3. Where the offense involved perjury to a criminal offense, §2J1.3 is cross-referenced to USSG §2X3.1 (Accessory After the Fact). Pursuant to USSG §2X31.1(a)(3)(A), Coleman's Base Offense level is 30. The Base Offense level is then reduced by 3-levels for acceptance of responsibility, resulting in a Total Offense Level of 27. Coleman's Criminal History is I. With a Total Offense level 27 and Criminal History category I, the sentencing guideline range is 70-87 months.

### III.     ANALYSIS

The United States agrees with the defendant that a combination of Coleman's early plea, age, participation in the crime and lack of criminal history justifies a sentence of probation only. The parties agree that a sentence of 1-year of supervised release well serves the purposes set forth in 18 U.S.C. §3553(a).

In addition to the above, 18 U.S.C. §3553(a)(6) requires the Court, when contemplating the particular sentence to be imposed, shall consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. The United States believes Coleman's criminal conduct in this matter is most similar to that of defendants Ashley Ross and Tanikqua Fuller. As the Court is aware, although Ross and Fuller pled guilty to different offenses, they both received sentences of probation (Ross sentenced to 2 years supervised release and Fuller sentenced to 1 year supervised release).  ECF Nos. 1039 and 1045.  Accordingly, in an effort to avoid a sentencing disparity the agreed upon sentence is appropriate.

**IV.    EXHIBITS AND WITNESSES**

The United States does not intend to offer any exhibits or witnesses.

**V.    CONCLUSION**

For the reasons stated above, the United States recommends the following sentence: a period of supervised release of one-year, no fine and a special assessment of $100.

Respectfully Submitted,

THOMAS T. CULLEN
United States Attorney

/s/ *Ronald M. Huber*
Ronald M. Huber
Assistant United States Attorney
VA State Bar No. 31135
255 West Main Street, Room 130
Ron.Huber@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system, which will send notice, and constitute service, of such filing to counsel of record.

/s/ *Ronald M. Huber*
Ronald M. Huber
Assistant United States Attorney